IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   CASE NO. ) |
| WILLIE T. CASEY, JR., LAWANDA G. HOBBS, RACHAEL Y. CASEY, SONYA L. GREEN, ROSIE L. JOHNSON, and EXPRESS FUNERAL FUNDING, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT IN INTERPLEADER**

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

**PARTIES**

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Tennessee.

2. Upon information and belief, defendant Willie T. Casey, Jr. is a surviving son of Willie T. Casey (the "Decedent"), and he is currently incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. Anthony O'Neal Casey, who resides in Savannah, Tennessee, holds a Power of Attorney for Willie T. Casey, Jr.

3. Upon information and belief, defendant LaWanda G. Hobbs (formerly, Casey) is a

1

surviving daughter of the Decedent, and she resides in Jackson, Tennessee.

4. Upon information and belief, defendant Rachael Y. Casey is a surviving daughter of the Decedent, and she resides in Jackson, Tennessee.

5. Upon information and belief, defendant Sonya L. Green is a surviving daughter of the Decedent, and she resides in Saltillo, Tennessee.

6. Upon information and belief, defendant Rosie L. Johnson is a surviving mother of the Decedent, and she resides in Saltillo, Tennessee.

7. Upon information and belief, defendant Express Funeral Funding, LLC is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Indiana.

## JURISDICTION AND VENUE

8. This is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Federal Employees' Group Life Insurance Act, 5 U.S.C. §§ 8701, *et seq*. ("FEGLIA"). This Court also has original jurisdiction over this action pursuant to 28 U.S.C § 1335 because the life insurance proceeds sought to be paid into the Court exceed $500.00 and two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1397 because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

**CAUSE OF ACTION IN INTERPLEADER**

10. The Decedent, as a retired federal employee, was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the Office of Personnel Management ("OPM") pursuant to FEGLIA. The Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering the claims process of the FEGLI Policy.

11. All record keeping for retired employees under the FEGLI Policy is done by OPM. OFEGLI becomes involved only following the death of an insured. At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper. OFEGLI then adjudicates the claims.

12. Federal law governs the payment of life insurance benefits payable under the FEGLI Policy. FEGLIA, 5 U.S.C. § 8705, provides in pertinent part that

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

13. The most recent beneficiary designation form on file for the Decedent is dated July 7, 2010 and designates Willie T. Casey, Jr. for 33.3% of the FEGLI benefits; LaWanda G. Hobbs for 33.3% of the FEGLI benefits; and Rachael Y. Casey for an unclear percentage of the

FEGLI benefits. Furthermore, the July 7, 2010 beneficiary designation was purportedly witnessed by "Lori A. Williams" and Jacqueline L. Watson. A true and correct copy of the July 7, 2010 beneficiary designation form is attached hereto as **Exhibit A**.

14. The July 7, 2010 beneficiary designation is ambiguous because the Decedent was not clear about the percentage to be paid to Rachael Y. Casey.

15. The prior beneficiary designation form on file for the Decedent is dated February 21, 2009 and designates Sonya L. Green for 30% of the FEGLI benefits; Willie T. Casey, Jr. for 30% of the FEGLI benefits; Racheal Y. Casey for 30% of the FEGLI benefits; and Rosie L. Johnson for 10% of the FEGLI benefits. A true and correct copy of the February 21, 2009 beneficiary designation form is attached hereto as **Exhibit B**.

16. The Decedent died on February 23, 2014. A true and correct copy of the Decedent's death certificate is attached hereto as **Exhibit C**.

17. As a result of the Decedent's death, the life insurance benefits from his coverage under the FEGLI Policy, in the total amount of ONE HUNDRED AND SIX THOUSAND FIVE HUNDRED ($106,500) (the "FEGLI Benefits"), became payable to the proper beneficiary.

18. On or about March 12, 2014, Willie T. Casey, Jr. executed a funeral home assignment in the amount of $5,572.66 to Hardeman County Funeral Services, which reassigned that amount to Express Funeral Funding, LLC. A true and correct copy of the March 12, 2014 Irrevocable Assignment and Irrevocable Reassignment is attached hereto as **Exhibit D**.

19. In a letter dated April 15, 2014, to MetLife, Rachael Y. Casey advises MetLife that she should be receiving 33.4% of the FEGLI Benefits. A true and correct copy of the April 15, 2014 letter is attached hereto as **Exhibit E**.

20. In a letter dated April 24, 2014, to MetLife, LaWanda G. Hobbs also states that Rachael Y. Casey should receive 33.4% of the FEGLI Benefits. A true and correct copy of the April 24, 2014 letter is attached hereto as **Exhibit F**.

21. In a letter dated May 1, 2014, to MetLife, Anthony O'Neal Casey, Power of Attorney for Willie T. Casey, Jr.,[1] implies that the most recent designation was not completed by the Decedent and claims that the Decedent lacked the capacity to sign. A true and correct copy of the May 1, 2014 letter is attached hereto as **Exhibit H**.

22. In a letter dated April 22, 2014, to MetLife, Lora Ann Williams also states that she did not witness the most recent beneficiary designation.[2] A true and correct copy of the April 22, 2014 letter is attached hereto as **Exhibit I**.

23. If the Court were to determine that the July 7, 2010 beneficiary designation is valid, the FEGLI Benefits would be payable to Willie T. Casey, Jr., LaWanda G. Hobbs, and Rachael Y. Casey for the percentages stated in the July 7, 2010 beneficiary designation. Additionally, $5,572.66 of Willie T. Casey, Jr.'s portion of the FEGLI Benefits would be payable to Express Funeral Funding, LLC pursuant to the Irrevocable Assignment and Irrevocable Reassignment.

24. If the Court were to determine that the July 7, 2010 beneficiary designation is invalid, the FEGLI Benefits would be payable to Sonya L. Green, Willie T. Casey, Jr., Racheal Y. Casey, and Rosie L. Johnson for the percentages stated in the February 21, 2009 beneficiary designation. Additionally, $5,572.66 of Willie T. Casey, Jr.'s portion of the FEGLI Benefits

---

[1] A copy of Anthony O'Neal Casey's Power of Attorney for Willie T. Casey, Jr. is attached hereto as **Exhibit G**.
[2] The July 7, 2010 beneficiary designation contains the witness signature of "Lori A. Williams."

5

would still be payable to Express Funeral Funding, LLC pursuant to the Irrevocable Assignment and Irrevocable Reassignment.

25. MetLife cannot determine the proper amount to be paid to each of the designated beneficiaries without risking exposure above the total amount of the FEGLI Benefits at issue.

26. As a mere stakeholder, MetLife has no interest in the FEGLI Benefits (except to recover its attorney's fees and costs of this action). MetLife, therefore, respectfully requests that this Court determine how said FEGLI Benefits should be paid.

27. MetLife is ready, willing and able to pay the FEGLI Benefits, in accordance with the terms of the FEGLI Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

28. MetLife will deposit into the Registry of the Court the FEGLI Benefits, plus any applicable interest due and owing under the terms of the FEGLI Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Interpleader Plaintiff MetLife requests the following relief:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of FEGLI Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and adjust amongst themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus applicable interest, if any, should be paid;

(iii)   Permitting MetLife to pay into the Registry of the Court the FEGLI Benefits, plus any applicable interest, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife from any further liability for the FEGLI Benefits, plus any applicable interest, payable as a consequence of the death of the Decedent;

(iv)   Awarding MetLife its costs and attorney's fees; and

(v)   Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted this 13th day of April, 2015.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/ Thomas W. Whitworth
Thomas W. Whitworth, TN Bar No. 029581
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, TN  37219-2446
Telephone:  615.254.1900
Facsimile:  615.254.1908
Email:  tom.whitworth@ogletreedeakins.com

*Attorney for Plaintiff,*
*Metropolitan Life Insurance Company*